**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DEBORAH MONACO, )
                  **Plaintiff,** )
)
v. ) Case No. 08-2500-KHV
)
QUEST DIAGNOSTICS, INCORPORATED, )
                  **Defendant.** )
_____)

**MEMORANDUM AND ORDER**

Deborah Monaco brings suit against Quest Diagnostics, Incorporated for employment discrimination and retaliation in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq. and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq., intentional and negligent infliction of emotional distress and violations of the Family Medical Leave Act, 29 U.S.C. § 2601. See Plaintiff's First Amended Complaint, Demand For Jury Trial And Designation Of Place Of Trial ("First Amended Complaint") (Doc. #25) filed June 26, 2009.[1] This matter comes before the Court on Plaintiff's Motion For Review And Reconsideration (Doc. #81) filed February 17, 2010. For reasons stated below, the Court overrules plaintiff's motion.

**I.**     **Legal Standards**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court will modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a deferential standard under which the moving party must show that the magistrate

---

[1] Plaintiff also brings a claim for disability discrimination and retaliation under the "Civil Rights Act" but does not further identify the statute under which she sues. See First Amended Complaint (Doc. #25) at 16-17.

judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

**II.  Procedural History**

On February 9, 2010, Magistrate Judge James P. O'Hara entered the Fourth Amended Scheduling Order which overruled the following discovery motions: defendant's Motion To Compel Plaintiff's Deposition (Doc. #67) filed February 2, 2010; Plaintiffs' Motion To Compel Discovery Responses And For Sanctions (Doc. #71) filed February 4, 2010; and Plaintiffs' Motion To Compel Depositions And For Sanctions (Doc. #76) filed February 5, 2010. See Doc. #80.

In the first motion, defendant sought an order compelling plaintiff to appear for deposition. See Doc. #67. Defendant asserted that (1) it had noticed plaintiff's deposition for June 11, 2009; (2) because of scheduling conflicts the parties had been unable to proceed with the deposition; and (3) plaintiff's counsel had refused to respond to requests to reschedule the deposition. Plaintiff responded that defense counsel (1) had cancelled the deposition and not properly noticed another one; (2) did not make reasonable efforts to confer or schedule the deposition; and (3) misrepresented that he was in trial on earlier dates. See Doc. #70. Judge O'Hara denied the motion, finding that (1) the record did not reveal that defendant had consulted with plaintiff's attorney; (2) defendant did not follow up on the noticed deposition date; and (3) no outstanding deposition notice existed. See

2

Doc. #80 at 2.

In the second motion, plaintiff sought an order compelling defendant to respond to interrogatories and requests for production of documents. See Doc. #72. Specifically, plaintiff complained that defendant made improper objections and simply referred to documents which had been produced in the case. See id. Defendant responded that it had supplemented its responses and that plaintiff's counsel had not made reasonable attempts to resolve the dispute. See Doc. #78. Judge O'Hara denied the motion, finding that (1) plaintiff's attorney did not attempt to confer with defense counsel; and (2) plaintiff's supporting memorandum made generalized arguments and did not identify the matters for which plaintiff sought relief. See Doc. #80 at 3.

In the third motion, plaintiff sought an order compelling defendant to produce six individuals for deposition. See Doc. #77. Plaintiff asserted that she had noticed the depositions but defendant refused to produce the witnesses until after it deposed plaintiff. See id. at 4. Plaintiff sought sanctions, asserting that defendant had offered no justification for its failure to produce the witnesses. See id. at 5-6. Judge O'Hara found that based on the unique circumstances of the case, with regard to the timing and sequence of discovery, it would be most practical and efficient for defendant to depose plaintiff before plaintiff deposed the other witnesses. See Doc. #80 at 2.[2] He found that "there hasn't been much cooperation between counsel in this case" and that "it's difficult to say for sure whether one [or] both sides are to blame." Doc. #80 at 3. Judge O'Hara concluded that plaintiff had not shown that she was entitled to sanctions merely because defendant did not

---

[2] Judge O'Hara ruled on plaintiff's motion to compel depositions before defendant had filed a written response. Plaintiff filed the motion on February 5, 2010. Judge O'Hara held the status conference three days later, on February 8, 2010. Although the record is not clear, it appears that the parties argued their positions at the status conference. The next day, on February 9, 2010, Judge O'Hara issued his written order. See Doc. #80.

produce witnesses "on the date that was recently noticed unilaterally by plaintiff." Id. at 3.

Judge O'Hara concluded that the parties' lawyers had engaged in "incessant procedural jockeying" which had been largely counter-productive. He extended the discovery deadline from February 9 to March 5, 2010 and scheduled specific dates for the requested depositions. See Doc. #80 at 6.[3]

**III. Analysis**

Plaintiff objects to the magistrate judge order, arguing essentially that (1) defense counsel improperly caused discovery delays; (2) defendant should be barred from deposing plaintiff; (3) defendant did not properly notice plaintiff's deposition; (4) Judge O'Hara gave defendant a tactical advantage by allowing it to depose plaintiff first; (5) defendant has not participated in discovery in good faith; and (6) Judge O'Hara should have imposed sanctions on defendant.[4]

The Court has carefully reviewed the record and finds that plaintiff has not come close to showing that Judge O'Hara's order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton, 177 F.R.D. at 494. Magistrate judges have broad discretion to manage the pretrial

---

[3] Subsequently, the parties had further disputes regarding plaintiff's deposition. See Defense Motion To Compel Plaintiff's Deposition's Completion (Doc. #89) filed March 8, 2010; Plaintiff's Response To Defense Motion To Compel Plaintiff's Deposition Completion (Doc. #95) filed March 11, 2010; and Order (Doc. #98) filed March 12, 2010 (granting defendant's motion to compel and ordering plaintiff to appear for continuation of her deposition). Under Judge O'Hara's latest order, the parties were to continue plaintiff's deposition on April 2, 2010. See Doc. #103 filed March 19, 2010.

[4] Plaintiff also quibbles with other details such as (1) whether Judge O'Hara ordered the parties to meet and confer before filing plaintiff's motion to compel; (2) whether defendant's response to the motion to compel complied with local rules regarding attorney pro hac vice admission; (3) whether Judge O'Hara unfairly limited the size of plaintiff's briefing; and (4) whether Judge O'Hara unfairly penalized plaintiff because he perceived that the attorneys have a "profound dislike for each other." Doc. #82 at 10-20.

4

docket and control discovery. See Tomson v. The Weitz Company, LLC, No. 07-2506-CM, 2008 WL 4567259, at *1 (D. Kan. Oct. 10, 2008) (citing First Sav. Bank, F.S.B. v. First Bank Sys., Ind., 902 F. Supp. 1356, 1365-66 (D. Kan. 1995)). Here, faced with the "unique circumstances in this case," Doc. #80 at 2, the parties' "incessant procedural jockeying," id. at 5, the "unfortunate procedural history" of the case, id. at 7, and the "lawyers . . . profound dislike for each other," id. at 4, Judge O'Hara aptly considered appropriate factors and reached a reasonable decision based on the facts of this case. Far from reversing Judge O'Hara's decision, the Court commends his extraordinary patience and concerted efforts to get the case back on track in a practical and constructive way.[5]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Review And Reconsideration (Doc. #81) filed February 17, 2010 be and hereby is **OVERRULED**.

Dated this 8th day of April, 2010 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            Kathryn H. Vratil
                                            United States District Judge

---

[5] To the extent plaintiff seeks reconsideration of the magistrate judge's order, the Court overrules the motion because it does not raise an intervening change in controlling law, the availability of new evidence or the need to correct clear error or prevent manifest injustice. See D. Kan. Rule 7.3. Plaintiff merely asserts arguments which she made or could have made to Judge O'Hara. Reconsideration is therefore inappropriate. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).