## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEBORAH MONACO, )
                   **Plaintiff,** )
)
v. ) Case No. 08-2500-KHV
)
QUEST DIAGNOSTICS, INCORPORATED, )
                   **Defendant.** )
)

### MEMORANDUM AND ORDER

Deborah Monaco brings suit against Quest Diagnostics, Incorporated for employment discrimination and retaliation in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq., and the Kansas Act Against Discrimination, K.S.A. §§ 44-1001 et seq., intentional and negligent infliction of emotional distress and violations of the Family Medical Leave Act, 29 U.S.C. § 2601. See Pretrial Order (Doc. #107) filed May 27, 2010. This matter comes before the Court on Plaintiff's Motion To File Under Seal (Doc. #113) filed July 16, 2010.

### Legal Standards

Federal courts recognize a common law right of access to judicial records. See Worford v. Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-99 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr.10, 1998)). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assur[e] that the courts are fairly run and judges are honest." Worford, 2004 WL 316073, at *1 (quoting Crystal Grower's Corp., 616 F.2d at 461). This public right of access, however, is not absolute. See id. The Court has supervisory control over its records and files and exercises discretion in deciding whether to

allow public access to those records. See id. In exercising such discretion, the Court considers relevant facts and circumstances of the case and balances the public's right of access, which it presumes paramount, with the parties' interests in sealing the record or a portion thereof. See id. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. See id.

**Analysis**

Plaintiff requests permission to file two documents under seal. Specifically, plaintiff seeks to file under seal Exhibits 3 and 39 in support of her response to defendant's motion for summary judgment. Plaintiff argues that the parties' agreed protective order applies to the exhibits, see Doc. #113 at 1, and offers no further analysis or support for her motion.[1] See id.

Exhibit 3 appears to be plaintiff's notes regarding her thoughts about events which occurred at work between May 19 and November 30, 2006. Plaintiff may consider the notes private and sensitive in nature, but they appear to involve her account of events which directly relate to her claims in this lawsuit. On this record, the Court finds that the public right to access the documents outweighs any right to privacy, especially in light of the fact that plaintiff has chosen to bring this lawsuit. Therefore, Court will not allow plaintiff to file Exhibit 3 under seal.

Exhibit 39 appears to be medical records regarding treatment which plaintiff received at Research Psychiatric Center from March 8, 2006 to July 22, 2007. This information appears to be

---

[1] The protective order provides that in the course of this litigation, the parties may designate as confidential certain material including that which contains "sensitive personal, financial, business, commercial competitive, proprietary information, medical records or other information warranting confidential treatment under applicable laws, regulations, court orders, or agreements." Protective Order (Doc. #12) filed May 8, 2009 at 1. The order provides that if a party wishes to use confidential information in Court filings, it may file the information under seal "only upon separate, specific motion and later order of the Court." Id. at 3.

highly personal and sensitive in nature. The fact of plaintiff's mental health history is relevant to her claims in this lawsuit, but the public does not have a strong interest in accessing sensitive details regarding her medical treatment. Accordingly, the Court will allow plaintiff to file Exhibit 39 under seal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To File Under Seal (Doc. #113) filed July 16, 2010 be and hereby is **SUSTAINED in part.**

Regarding Exhibit 39, **on or before September 14, 2010,** plaintiff may file the document under seal.

Regarding Exhibit 3, plaintiff may not file the document under seal. If plaintiff wishes to rely on Exhibit 3 in response to defendant's summary judgment motion, **on or before September 14, 2010,** she may electronically file the document not under seal.

**IT IS FURTHER ORDERED** that pursuant to D. Kan. Rule 5.4.6(b), the Clerk grant access to all attorneys who have entered an appearance in the case (and whose appearance has not been terminated) the ability to view sealed documents in the case.

Dated this 9th day of September, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge