IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBORAH MONACO, )
                Plaintiff, )
) CIVIL ACTION
v. ) No. 08-2500-KHV
)
QUEST DIAGNOSTICS, INCORPORATED, )
                Defendant. )
                                                        )

**MEMORANDUM AND ORDER**

Deborah Monaco brings suit against Quest Diagnostics, Incorporated for employment discrimination and retaliation in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Kansas Act Against Discrimination ("KAAD"), K.S.A. §§ 44-1001 et seq., intentional and negligent infliction of emotional distress, and violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. See Pretrial Order (Doc. #107) filed May 27, 2010. This matter comes before the Court on Defendant Quest Diagnostics Incorporated's Motion For Reconsideration And Supporting Brief (Doc. #125) filed October 11, 2010. For reasons stated below, the Court sustains defendant's motion in part.

**I.    Legal Standards**

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v.

Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## II.    Procedural History

Plaintiff asserts eight claims against defendant: (1) discrimination on account of disability in violation of the ADA and KAAD; (2) harassment on account of disability in violation of the ADA and KAAD; (3) retaliation in violation of the ADA and KAAD; (4) constructive discharge; (5) negligent infliction of emotional distress; (6) intentional infliction of emotional distress; (7) retaliation in violation of the FMLA; and (8) interference with rights under the FMLA. See Pretrial Order (#107) at 7-11.

On September 24, 2010, the Court entered a memorandum and order which granted summary judgment in favor of defendant on the following claims: (1) disability discrimination after October 13, 2006 in violation of the ADA and KAAD; (2) harassment in violation of the ADA and KAAD; (3) retaliation in violation of the ADA and KAAD for (a) investigating plaintiff for allegedly threatening to kill a co-worker and (b) giving her a low performance evaluation on March 9, 2007; (4) constructive discharge; and (5) intentional infliction of emotional distress. See Doc. #122 at 37. Following the summary judgment ruling, the following claims remain in the case: (1) disability discrimination on or before October 13, 2006 in violation of the ADA and KAAD; (2) retaliation in violation of the ADA and KAAD for (a) having plaintiff's co-workers monitor her job performance and (b) giving her an improvement action ("IA") on August 2, 2006; (3) negligent infliction of emotional distress; (4) retaliation in violation of the FMLA; and (5) interference with

plaintiff's rights under the FMLA. See id.

**III.   Analysis**

Defendant asks the Court to reconsider its memorandum and order of September 24, 2010 (Doc. #122). Specifically, with respect to all claims which remain pending, defendant asks the Court to reverse its order. As noted, the following claims remain in the case: (1) disability discrimination on or before October 13, 2006 in violation of the ADA and KAAD; (2) retaliation in violation of the ADA and KAAD for (a) having plaintiff's co-workers monitor her job performance and (b) giving her an IA on August 2, 2006; (3) negligent infliction of emotional distress; (4) retaliation in violation of the FMLA; and (5) interference with plaintiff's rights under the FMLA. See id.

**A.     Disability Discrimination On Or Before October 13, 2006**

As noted, the Court did not grant summary judgment on plaintiff's claims for disability discrimination which occurred on or before October 13, 2006. Defendant asserts that the Court should have granted summary judgment on all of plaintiff's disability discrimination claims. The Court agrees. In the memorandum and order of September 24, the Court found that as to disability discrimination claims which occurred after October 13, 2006, defendant was entitled to summary judgment because plaintiff did not establish a genuine issue of material fact as to the first element of a prima facie case, i.e. that with or without reasonable accommodation, she was qualified to perform the essential functions of her job. As to all disability discrimination claims, the Court also found that plaintiff did not establish a material fact issue regarding the third element of a prima facie case, i.e. whether defendant subjected her to adverse employment action. See id. at 19-22. Under the second ruling, defendant was entitled to summary judgment on all of plaintiff's claims for disability discrimination. See id. at 19-22. Accordingly, the Court will amend its ruling to correct

3

the mistake.

**B.     Retaliation**

As noted, the Court did not grant summary judgment on plaintiff's claims for disability retaliation for (a) having plaintiff's co-workers monitor her job performance and (b) giving her an IA on August 2, 2006. As to retaliation based on co-worker monitoring, defendant contends that the Court should have granted summary judgment because plaintiff cannot satisfy the second element of a prima facie case, i.e. she cannot show that co-worker monitoring constitutes materially adverse action. As to both retaliation claims, defendant contends that the Court should have granted summary judgment because plaintiff cannot satisfy the second element of a prima facie case, i.e. she cannot prove causation.

**1.     Whether Co-Worker Monitoring Constitutes Materially Adverse Action**

As to plaintiff's claim for disability retaliation based on co-worker monitoring, defendant asserts that the Court should have found that plaintiff cannot satisfy the second element of a prima facie case, i.e. she cannot show that the conduct constitutes materially adverse action. See Doc. #125 at 5-8. With respect to this claim, the Court found as follows:

> [P]laintiff presents evidence that shortly after she requested and received ADA accommodation (switching to the day shift), [Jacque] Perez asked her co-workers to monitor and report on her job performance. The evidence suggests that such action was against defendant's policy and that [Scott] Mattivi and [Carolyn] VanWinkle believed that Perez had acted inappropriately. Construing the evidence in a light most favorable to plaintiff, a reasonable jury could conclude that such action would dissuade a reasonable worker from pursuing a charge of discrimination. See, e.g., Brandau v. State of Kan., 968 F.Supp. 1416, 1422 (D. Kan. 1997) (genuine fact issue whether monitoring plaintiff's attendance, auditing her case files and overseeing all of her correspondence constituted adverse action for retaliation claim). On this record, plaintiff has established a material fact issue whether having co-workers monitor her job performance constituted materially adverse action for purposes of her retaliation claim.

4

Doc. #122 at 26.

Defendant asserts that the Court's ruling is based on a misreading of the evidence. Specifically, defendant points to a typographical error on page 10 of the Court's memorandum and order. There, the Court states as follows: "Rita Mohr, human resources director, testified that while there might be better ways to monitor the quality of plaintiff's work, it was 'terribly wrong' for Perez to ask Ford to monitor plaintiff's work." Mohr Dep. at 23:2-12, Plaintiff's Exhibit 32. In fact, the Court mistakenly omitted the word "not" from the sentence. It should have read as follows: "Rita Mohr, human resources director, testified that while there might be better ways to monitor the quality of plaintiff's work, it was not 'terribly wrong' for Perez to ask Ford to monitor plaintiff's work." Mohr Dep. at 23:2-12, Plaintiff's Exhibit 32. Despite the typographical error, the Court correctly read Mohr's deposition testimony and fully understood its meaning, i.e. that she believed that it was *not* terribly wrong for Perez to ask Ford to monitor plaintiff's work. The Court will not reconsider its ruling on this ground.

Defendant asserts that the Court mistakenly found that by asking co-workers to monitor plaintiff, Perez violated company policy. Defendant asserts that plaintiff does not claim or present evidence that plaintiff violated a "discernible company policy." In using the word policy, the Court was not referring to a formal written policy, but rather an informal practice or custom of the company. According to record evidence, when Scott Mattivi, day shift manager, and Carolyn Van Winkle, human resources coordinator, learned that plaintiff's supervisor, Jacque Perez, had asked plaintiff's co-worker(s) to monitor plaintiff's job performance, they both counseled Perez that such behavior was inappropriate. Based on this evidence, the Court concluded that a reasonable jury could conclude that it was against defendant's policy – or practice – to ask co-workers to monitor

plaintiff's performance. Regardless whether it violated defendant's policy, construed in a light most favorable to plaintiff, the evidence suggests that Perez's conduct of having co-workers monitor plaintiff's job performance might dissuade a reasonable worker from making or supporting a charge of discrimination. The Court will not reconsider its ruling on this ground.

### 2. Whether Plaintiff Can Show Causation

As to both remaining claims for disability retaliation, i.e. retaliation based on co-worker monitoring and retaliation based on giving plaintiff an IA on August 2, 2006, defendant asserts that the Court should have found that plaintiff cannot satisfy the second element of a prima facie case, i.e. she cannot prove causation. The Court found that defendant did not show that it was entitled to summary judgment on this ground. See Doc. #122 at 29. Specifically, the Court found that in half a sentence, defendant asserted that plaintiff could not show causation, but that defendant offered no legal analysis in that regard. See id. (citing Defendant's Motion (Doc. #20) at 20). The Court concluded that it would not construct legal arguments or theories on defendant's behalf and that defendant had not shown that it was entitled to summary judgment. See Doc. #122 at 29.

Defendant urges the Court to reconsider the ruling. Defendant asserts that in its motion for summary judgment, it recited the elements of retaliation and cited cases in support thereof. See Doc. #125 at 9 (citing Defendant's Motion (Doc. #20) at 18). In its motion for summary judgment, with respect to elements of a retaliation claim, defendant stated as follows:

> The Tenth Circuit instructs that, under the ADA, an employee must prove all of the following elements in order to establish a prima facie case of retaliation: "(1) that she engaged in an activity protected by the statute; (2) that she was subject to [an] adverse employment action subsequent to or contemporaneous with the protected activity; [and] (3) that there was a causal connection between the protected activity and the adverse action." Selenke, 248 F.3d at 1264.

Defendant's Motion (Doc. #109) at 18. Regarding causation, defendant stated as follows:

> As discussed above, plaintiff cannot show that she experienced any qualifying "adverse employment action" during her employment, let alone that a causal connection existed between such unspecified action and her claimed medical condition.

Id. at 20.

Defendant states that it did not provide a more exhaustive analysis because plaintiff had not explained her theory of causation for purposes of retaliation. Specifically, defendant states that "until her opposition brief, plaintiff never previously stated what she contends were her alleged 'protected activities' in respect of which the Company allegedly retaliated against her." Doc. # 125 at 9. A motion to reconsider is not the appropriate vehicle for defendant to make new arguments regarding deficiencies in discovery or the pretrial order. See Van Skiver, 952 F.2d at 1243. The Court will not reconsider its ruling on this ground.

### C. Negligent Infliction Of Emotional Distress

As noted, the Court did not grant summary judgment on plaintiff's claim for negligent infliction of emotional distress. Defendant contends that the Court's memorandum and order of September 24 demonstrates that the claim should fail as a matter of law. In the memorandum and order, the Court found that in one sentence, defendant argued that the Kansas Workers Compensation Act, K.S.A. §§ 501 et seq., bars plaintiff's claim for negligent infliction of emotional distress. See Doc. #122 at 31. The Court found that defendant offered no discussion or legal analysis and that the one case which it cited, Carraway v. Cracker Barrel Old Country Store, Inc., No. Civ. A. 02-2237-KHV, 2003 WL 21685909, at *15 (D. Kan. July 16, 2003), did not support its assertion. See Doc. #122 at 31. The Court concluded that it would not construct legal arguments or theories on defendant's behalf and that defendant had not shown that it was entitled to summary judgment on the claim. See Doc. #122 at 31-32.

In a footnote, the Court discussed Carraway and noted that the case held that Kansas law does not permit recovery in tort for emotional distress unless it is accompanied by physical injury. See Doc. #122 at 31-32 n.38. Defendant asserts that based on this statement and defendant's argument in its reply brief that plaintiff does not allege physical injury, the Court should have granted summary judgment in favor of defendant on plaintiff's claims for negligent infliction of emotional distress. See Doc. #125 (citing Defendant's Reply (Doc. #114) at 28). The Court, however, declined to address arguments raised for the first time in defendant's reply brief. See Doc. #122 at 3 n.1 (citing Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000) and Rubio v. Turner Unified Sch. Dist. No. 202, 523 F. Supp.2d 1242, 1252 (D. Kan. 2007)). The Court will not reconsider its ruling on this ground.

### D. FMLA Interference And Retaliation

As noted, the Court did not grant summary judgment on plaintiff's claims for interference with her right to take FMLA leave and retaliation in violation of the FMLA. In its motion for summary judgment, defendant asserted that the Court should dismiss the claims because in her deposition, plaintiff testified that she does not contend that defendant violated the FMLA. See Defendant's Motion (Doc. #25) at 25. Defendant provided no legal authority or analysis to support its assertion. See id. The Court rejected the argument, finding that it would not construct legal arguments or theories on defendant's behalf. See Doc. #122 at 35-36. In addition, the Court stated that its independent research suggested that the deposition testimony would not support a finding that plaintiff had abandoned the claims. See id.

Defendant asks the Court to reconsider its ruling. Defendant asserts that it did not argue abandonment and that plaintiff's deposition testimony makes clear that she does not have any facts

to support her FMLA claims.  See Doc. #125 at 12.  A motion to reconsider is not an appropriate vehicle to present new arguments which defendant could have presented originally.  See Van Skiver, 952 F.2d at 1243.  The Court will not reconsider its ruling on this ground.

**IT IS THEREFORE ORDERED** that Defendant Quest Diagnostics Incorporated's Motion For Reconsideration And Supporting Brief (Doc. #125) filed October 11, 2010 be and hereby is **SUSTAINED in part.**  The Court amends its memorandum and order of September 24, 2010 (Doc. #122) to reflect that summary judgment is granted in favor of defendant on all of plaintiff's claims for disability discrimination in violation of the ADA and KAAD.  The following claims remain in the case: (1) retaliation in violation of the ADA and KAAD for (a) having plaintiff's co-workers monitor her job performance and (b) giving her an IA on August 2, 2006; (2) negligent infliction of emotional distress; (3) retaliation in violation of the FMLA; and (4) interference with plaintiff's rights under the FMLA.

Dated this 28th day of October, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge